IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2017 Session


## STATE OF TENNESSEE v. JONATHAN DAVID PATTERSON

**Appeal from the Criminal Court for Putnam County**
**Nos. 2015-CR-730, 2015-CR-731, 2015-CR-672, 2015-CR-821      David A. Patterson,**
**Judge**

---

### No. M2016-01716-CCA-R3-CD

---

JAMES CURWOOD WITT, JR., J., concurring.


I concur in the majority opinion in this case. I write separately to express a policy reason for affirming the trial court's original sentence.

The reversal of the trial court's grant of relief on the Rule 35 issue is guided by settled law. The analysis of the review of the original sentence as challenged by the defendant, however, may seem harsh in that it does not consider the trial court's defenestration of that original opinion based upon its own determination that the sentence was too harsh. After all, the trial court had opportunities to see and hear the defendant face to face.

The majority opinion, however, properly excludes from consideration in its analysis of the original sentence the trial court's reasoning in decreasing the effective sentence. Procedural requirements establish a policy that not only precludes the trial court from granting Rule 35 relief in the absence of the required change of circumstances, but also precludes the appellate court from utilizing the record of a Rule 35 hearing to support an appellate change in the original sentence. Following the entry of a conviction judgment, a 30-day period exists in which an aggrieved party may move the court to change the judgment, or in the alternative, file a notice of appeal. Tenn. R. App. P. 3, 4. In one way or another, this procedure circumscribes the trial court's authority to alter or amend its original judgement (at least in the absence of a clerical mistake appearing in the judgment). A Rule 35 motion, however, may be filed as late as 120 days "after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35. Thus, a Rule 35 motion may be made, as it was in the present case, after the trial court's

jurisdiction over its own judgment had ended. If the appellate court considered the record in the Rule 35 proceeding in its review of the original sentence, the defendant thereby would have been afforded the opportunity to challenge his original sentence through an ultra vires mechanism. Sound policy reasons dictate that a defendant not be availed the power to effectively challenge the *original* sentence by filing a Rule 35 motion *after the trial court's jurisdiction has ended*. The procedural rules provide for challenges to the original sentence both in the trial court and the appellate court, and these rules do not countenance an otherwise untimely challenge to that sentence. Caselaw that requires a change of circumstances as a basis for Rule 35 relief implicitly recognizes this policy, and the policy would be thwarted had we, in the present case, considered the trial court's comments on the record of the Rule 35 proceeding in our analysis of the sentence as originally imposed.

_____
JAMES CURWOOD WITT, JR.,JUDGE